# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| Stephen Manley Pro Se, | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| Lyondell Chemical Company | § | |
| Matrix Resource Inc | § | |

**Defendant(s)**

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff, Stephen Manley, an Individual and a citizen of the United States a resident of the State Of Texas.

Defendant, Lyondell Chemical Company is a corporation that is incorporated and or operating under the laws of the State of Texas and has its principal place of business in the of Texas 1221 MCKINNEY SUITE 700 HOUSTON TX 7701 . Defendant may be served With process by serving its registered agent, C T Corporation System , at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136 USA

Equally Defendant, MATRIX RESOURCES INC, is a corporation that is incorporated under the laws of the State of Georgia . Defendant has its principal place of business in the State of Texas and/or Georiga. Defendant may be served with process by serving its registered agent, C T Corporation System , at 1999 Bryan St., Ste. 900

Dallas, TX 75201-3136 USA

## Jurisdiction

3. The court has jurisdiction over the lawsuit because the suit arises under Title VII of the Act, codified as Subchapter VI of Chapter 21 of 42 U.S.C. § 2000c and the Civil Right Act of 1991 in addition to 42 U.S.C. § 1981, 42 U.S. Code § 2000e-3, Invasion Of Privacy, Defamation Of Character, Interference with an Employment contact

## Discriminatory Employment Practices

On or about January through March 2019 Plaintiff was contacted for several employment opportunities by recruiters Of Matrix Resources who were working in conjunction with LyondellBassell; who acted in concert together both companies aided and abetted each other by engageing in discriminatory employment practices that seemed neutral on it's face but when performed causes a disparate impact upon job applicants. Furthermore, Matrix Resources and LyondellBassell utilized their discriminatory employment practices that seem neutral on its face to not hire, refer and or interview Plaintiff for employment opportunities due to their discriminatory employment practices that disparately impacts qualified African American job seekers .

Equally. considering the fact that Matrix Resources and Lyondell-Bassell maintains a discriminatory employment practice of conducting criminal background checks during the selection process which is not limited to conducting such background checks over the telephone and /or online and afterwards the background check is retrieved and or viewed by Matrix Resources or Lyondell-Bassell the discriminatory decision is made not to interview, refer, and or not hire qualified job candidates based on the race of the individual and the information contained in the criminal background report. Matrix Resources and Lyondell-Bassell have a discriminatory selection process that excludes qualified applicants without considering the job seekers ability to perform the job task or the correlation of how the criminal history of a applicant will effect the job applicants ability to perform the function(s) and duties of the job task. Matrix Resources and Lyondell-Bassell's discriminatory employment selection practice had a disparate impact upon plaintiff and disparately impacts qualified job seekers of plaintiff race. Plaintiff's criminal record and the information contained therein was used as the sole basis or as the deciding factor to not refer, hire, or interview plaintiff for any past, present, and or future employment opportunities.

## Matrix's Discriminatory Retaliation

Additionally . Matrix Resources has refused to hire,and or refer plaintiff due to prior litigation in violation of 42 U.S. Code § 2000e–3 Matrix Resources has continued to not refer or hire plaintiff for employment opportunity although plaintiff is qualified. Matrix has retaliated against plaintiff by refusing to hire and or refers plaintiff for jobs assignments or job opportunities that plaintiff is qualified. Matrix has continued to deny plaintiff employment opportunities due to its discriminatory employment practices because of the information obtained in Plaintiff criminal back ground reports as well as due to retaliation for a similar prior litigation .

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practice was committed in this district. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because plaintiff would have worked in this district but for the unlawful employment practice. The employer(s) has a employment practice that disparately impacts applicants qualified from the selection process due to their discriminatory employment policy of using criminal backgrounds checks in a discriminatory manner to arbitrarily excluded qualified job applicants; by using such information in an adverse manner as well as using applicant's unrelated convictions and criminal histories to automatically excluded the applicant form the selection process o as the sole basis and or determining factor to not employ interview or refer the job applicant for job assignments.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely initiated the charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission (EEOC). Plaintiff also timely initiated the complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit 1. {See 42 U.S.C. §2000e-509(1); cf. F ed. Express Corp. v. Holowecki, _ US. v, 1285'. Ct. 1147, 1158-59 (2008) (ADEA).

### E. Discriminatory Employment Practies

6. Plaintiff is 'an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Race, Color, And Sex, and Age. {See 42 U.S.C. §2000e0).}

7. Defendant is an employer within the meaning of Title VII. {See 42 U.S.C. §2000e(b}.}

8. Defendant(s) used the following discriminatory employment practices in violation of Title VII: Defendant(s) maintains a discriminatory employment practice that seems neutral on it's face but has a discriminatory and disparate impact upon African American Job Seekers and or would be job applicants; just as in this instant matter. On or about January through March of 2019 .Plaintiff was contacted by several job recruiters of Matrix Resources and Lyondell. During the selection and or hiring process for several positions , the Defendant(s) discriminated and retaliated against him based on his race, gender, sex and age, in violation of Title VII of the Civil Rights Act of 1964 (as amended) 42 U.S.C. §2000e, et seq. ("Title VII") and the ADEA

10. Defendant(s) conducted a criminal background check and or excluded plaintiff based on information contained within plaintiff's criminal history who is qualified for the position but was refused and denied the opportunity and not hired and or referred for employment due to the emphasis placed on the criminal record or credit history instead of the applicants ability to perform the job task ;The employers also violated the standards of the FCRA § 605 [15 U.S.C. §1681c] and the seven

year look back rule as well as the Texas Business Commerce Code 20.5 (4). Matrix was hiring and/or screening job applicants for Lyondell, and after Defendant(s) conducted their background check Plaintiff was no longer consider for the positions he was contacted about or any subsequent positions Matrix Resources was hiring, referring, or interviewing job applicants. The retrieval of the criminal and credit histories are employment practices of defendant(s) that are used in an discriminatory and arbitrary manner to deny petitioner and other qualified applicants employment opportunity.

11. Defendant(s) has a pattern and a blanket policy of denying employment opportunity to qualified individuals with criminal records which disparately impacts and adversely affects the minority applicant pools who are protected classes under the law. Equally, the retrieved criminal information predates the application by more than seven and/or ten years in violation of the FCRA § 605 [15 U.S.C. §1681c] as well as the Texas Business Commerce Code Chapter 20.5 (4). The retrieved information was used as a key determinant or substantial factor in denying plaintiff an employment opportunity. Although these practices appear to be face neutral, they serve to discriminate against a disproportionate number of persons of plaintiffs race, color,sex, age, and gender.

12. Defendant(s) could have used a alternative practice that would have been just. For instance if Defendant(s) would have adhered to the standards of FCRA or the Texas Texas Business Commrce Code 20.5(4) and Title VII laws that seek to protect individuals belonging to such classes; also business establishments that follow the law concerning such policies and practices in-regards to discrimination would be alleviated or drastically minimized. Then individuals belonging to such classes would be given a fair chance, or equal chance for gainful employment. who apply for jobs at defendant(s) business establishments

13. Alternatively, defendants could move to a more individualized employment screening process and practice that would take into account the persons age at the time of the crime, their education or lack thereof at the time of the crime and see how it correlates to the person present state of being or how their criminal past relates the totality of the individual. Maybe ,the Defendants also could have considered the time that has lapses since the offenses. Equally ,Defendants could have considered how the offenses specifically relates to the plaintiff ability to perform the job the task or consider how the task relates to the offenses. It is my contention to give examples of how that the fore—stated measures would have given an alternative to the defendant(s) blanket discriminatory policy employment practices which seem neutral on it's face but disparately impact minorities groups. {See 42 U.S.C. §2000e—2(k).}

### Interference with A Contract And Invasion Of Privacy

Additionally, Matrix and/or Lyondell discriminatory employment practices constituted a interference with and employment contact as well as an invasion of privacy when the unauthorized criminal and or credit history background check was performed this inhibited plaintiff from securing and employment contract . Matrix's intrusion of privacy was not authorized and not lawful. Matrix acquired the criminal and or credit history background check and presented that information to Lyondell which interfered with the forming of an employment contract or the possible forming of an employment opportunity the violation of privacy also caused plaintiff to lose an economic opportunity and or the opportunity to be considered for subsequent job openings. Matrix has refused to hire, interview or refer plaintiff for

opportunities which plaintiff is qualified for and by doing such Matrix has Interfered with contractual opportunities of plaintiff and has violated the privacy of plaintiff.

## F. Damages

14. Plaintiff Is seeking a permanent injunction as well as damages for the direct and proximate injuries and damages of defendant's conduct, plaintiff has suffered the following damages

a. Plaintiff seeks damages for lost of opportunity seeing that Plaintiff was denied an opportunity which economically damage plaintiff.

b. Plaintiff suffered mental anguish and emotional distress in the form of depression and feeling of hopelessness as well as helplessness.

c. Plaintiff also seeks damages for the loss of an economic opportunity. Due to the unauthorized violation and intrusion on the privacy of plaintiff by Defendant(s)

d. Plaintiff's civil rights to be free from discrimination has been abridged due to Defendants discriminatory employment practices.

e. Plaintiff also suffered non—pecuniary losses

## G. Attorney Fees

15. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and 42 U.S.C. § 1981; in addition to the Civil Right Act Of 1991 and other applicable statue.

## H. Prayer

16. For these reasons, plaintiff asks for judgment against defendant for the following:

17. Plaintiff seek relief in the form of affirmative action, backpay and or front pay. See 42 U.S.C. §2000e-5(g). Plaintiff also seeks 300,000 dollars in compensatory damages and punitive damages and non-pecuniary losses of a 10,000,000 due to defendant's wanton and willful disregard for the rights of plaintiff.

a. Plaintiff further prays for reasonable attorney fees and expert witness fees .

b. Costs of suit.

c. All other relief the court deems appropriate.


*[signature]*

Stephen Manley

6402 HeatherBrook

Houston, Texas 77085

## CERTIFICATE OF SERVICE

I certify that service of the enclosed documents PLAINTIFF'S ORGINAL COMPLAINT was again sent by certified U.S. Mail, and *or e-mail, fax, hand return receipt requested, and/*or sent electronically and a true and accurate copy of the complaint has been served upon the necessary.

*Stephen Manley*
_____
STEPHEN MANLEY, PRO SE

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Stephen Manley<br>6402 Heatherbrook Drive<br>Houston, TX 77085 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2019-02084 | Lucia Pan,<br>Investigator | (713) 651-4956 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Lucia Pan*   10-3-19

for Rayford O. Irvin,   *(Date Mailed)*
District Director

Enclosures(s)

cc:  Stephanie Bruce
     Sr. Paralegal
     Lyondell Chemical Company
     1221 McKinney #300
     Houston, TX 77010

Lowell Keig, Executive Director
TWC/Civil Rights Division
101 East 15th Street, Room 144T
Austin, Texas 78778

Enclosures(s)

cc: John T. Hays
Eversheds Sutherland (US) LLP
1001 Fannin St.
Suite 3700
Houston, TX 77002

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Stephen Manley<br>6402 Heatherbrook Drive<br>Houston, TX 77085 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2019-01748 | Lucia Pan,<br>Investigator | (713) 651-4956 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Lucia Pan_ 10-3-19

Enclosures(s)  Rayford O. Irvin, (Date Mailed)
District Director

cc:  Sandy Jess  Lowell Kelg, Executive Director
Director of HR  TWC/Civil Rights Division
MATRIX Resources, Inc.  101 East 15th Street, Room 144T
1000 Abernathy Road, Suite 500  Austin, Texas 78778
Atlanta, GA 30328

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*